IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mercury Vapor Processing Technologies, Inc. )<br>d/b/a River Shannon Recycling )<br>Technologies )<br>)<br>Owners of Record )<br>)<br>                Plaintiff, )<br>)<br>      v. )<br>)<br>The Village of Riverdale, Illinois, Joyce Forbes, )<br>Village Clerk, Roy McKinney, Director of )<br>Building & Zoning, Sergeant Daniel Dempsey )<br>And Officer Powers, Village Police Department, )<br>And Unknown Agents and Representatives of )<br>The Village of Riverdale, Illinois )<br>)<br>                Defendants. ) | Civil Action No. 07-C-6066<br><br>Judge Ruben Castillo<br><br>Magistrate Sidney Schenkier |

## MOTION TO DISQUALIFY

Plaintiff, Mercury Vapor Processing Technologies, Inc. d/b/a River Shannon Recycling, by its attorneys, moves to disqualify Michael Blazer as attorney for the Riverdale Defendants, and states:

1. On November 15, 2007, attorney Michael S. Blazer filed his Appearance in the above captioned case on behalf of the Riverdale Defendants.

2. River Shannon moves to disqualify Blazer from acting as counsel for the Riverdale Defendants pursuant to the advocate-witness rule barring counsel as both advocate and witness in a single proceeding except under special circumstances. United State v. Marshall, 75 F.3d 1097, 1106 (7th Cir. 1996).

1

3. Many of the allegations of River Shannon's Complaint for Civil Rights Violations, Injunction, Declaratory Judgment and Other Relief revolve around the Riverdale Defendants repeated warrantless searches of River Shannon's Business Premises (Complaint, ¶¶ 57-60).

4. Attorney Michael S. Blazer was not only present for some if not all of the violations of River Shannon's civil rights, but actually orchestrated and directed other Riverdale Defendants during the course of the search.

5. Riverdale's Counterclaim admits that attorney Blazer was present at River Shannon on October 19, 2007 during another warrantless search of River Shannon's Business Premises (Counterclaim, Exhibit "E").

6. In addition, attorney Blazer called and presided over a meeting with River Shannon's executives at his offices at the direction of Riverdale Defendant and Village Clerk, Joyce Forbes regarding River Shannon's repeated attempts to secure its business license from Riverdale. (Complaint, ¶¶ 36, 37).

7. At the meeting, initially Blazer promised to assist River Shannon in obtaining its 2007 business license and subsequently informed River Shannon that he would need a statement of qualification, including what River Shannon intended to do on the Business Premises, a list of River Shannon's current customers and a list of customers recently put under contract. (Complaint, ¶¶ 39-40).

8. When River Shannon supplied Blazer with a statement of River Shannon's qualifications as well as a list of current customers and new customers under contract, Blazer and the Riverdale Defendants sent copies of its

RCRA notice to River Shannon's customers and customers recently put under contract in furtherance of its campaign of vengeance, retaliation and harassment. (Complaint, ¶ 91).

9. At a September 6, 2007, meeting between attorney Blazer and River Shannon, Blazer made misrepresentations that River Shannon had a history of regulatory violations, that it was under investigation by Cook County, IEPA and USEPA. (Complaint, ¶ 48).

10. At the same meeting, Blazer issued a Cease and Desist Order purportedly ordering River Shannon to immediately cease its operations at its Business Premises, adding to the allegations of the purported investigations, that River Shannon did not have a business license. (Complaint, ¶ 49).

11. Since the filing of the Complaint and attorney Blazer having filed his Appearance in this matter, Blazer prepared a notice of intent to purportedly file an enforcement action against River Shannon under Riverdale's Solid Waste Nuisance ordinance. Section 8.100.040. (Complaint, Count III, ¶ 117).

12. In order to further damage River Shannon's business and reputation and to drive it out of business, Blazer and the Riverdale Defendants sent copies of the notice to River Shannon's customers and customers recently under contract in furtherance of their campaign of vengeance, retaliation and harassment. (Complaint, Count III, ¶ 122).

13. From these allegations it is apparent that attorney Blazer is inextricably tied to the actions of the Riverdale Defendants and will necessarily be a witness in discovery and any evidentiary hearing on the merits.

14. River Shannon seeks disqualification at this early stage of the litigation to preserve its objection, allow for discovery and to obtain a ruling regarding the ability of counsel who has already filed an Appearance in the action to simultaneously pursue defense of his clients while being an integral witness in the proceedings.

15. Although an attorney is competent to testify in his client's behalf, a court is justified in excluding him from further participation in a trial. Christensen v. United States, 90 F.2d 152, 155 (7th Cir. 1937).

16. If an attorney refuses to withdraw from a case, it is not an abuse of discretion for the trial court to refuse to hear his testimony. United States v. Clancy, 276 F.2d 617, 636 (7th Cir. 1960).

17. River Shannon should not be forced to prosecute its civil rights action against the Riverdale Defendants with attorney Blazer acting as both advocate and witness.

18. The dual relation of attorney and witness in and for a cause on trial is not compatible with the conception of an attorney as an officer of the court and includes disrupting the normal balance of judicial machinery. Christensen v. United States, 90 F.2d 152, 154 (7th Cir. 1937).

WHEREFORE, Plaintiff, Mercury Vapor Processing Technologies, Inc., d/b/a River Shannon Recycling Technologies respectfully requests this Honorable Court to grant its Motion to Disqualify attorney Michael Blazer as counsel for the Riverdale Defendants, and for such other and further relief as may be just.

Respectfully submitted,

**Mercury Vapor Processing Technologies, Inc., d/b/a River Shannon Recycling Technologies**

<u>/S/ Glenn C. Sechen</u>
GLENN C. SECHEN
One of its Attorneys

Glenn C. Sechen, ARDC #2538377
Jerome Wiener, ARDC #6191972
Timothy J. McGonegle, ARDC #1840797
James R. Griffin, ARDC #6243030
Schain, Burney, Ross & Citron, Ltd.
222 N. LaSalle Street, Suite 1910
Chicago, Illinois 60601
(312) 332-0200