IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mercury Vapor Processing Technologies, Inc. d/b/a River Shannon Recycling Technologies<br><br>Owners of Record<br><br>    Plaintiff,<br><br>  v.<br><br>The Village of Riverdale, Illinois, Joyce Forbes, Village Clerk, Roy McKinney, Director of Building & Zoning, Sergeant Daniel Dempsey And Officer Powers, Village Police Department, And Unknown Agents and Representatives of The Village of Riverdale, Illinois<br><br>    Defendants. | Civil Action No. 07-C-6066<br><br>Judge Ruben Castillo<br><br>Magistrate Sidney Schenkier |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY**

Plaintiff, Mercury Vapor Processing Technologies, Inc. d/b/a River Shannon Recycling ("River Shannon"), by its attorneys, for its Reply Memorandum in Support of its Motion to Disqualify Michael Blazer ("Blazer") as attorney for the Riverdale Defendants, states:

River Shannon's Complaint detailed Blazer's involvement giving rise to violations of its civil rights (Complaint, ¶¶ 36-37, 39-40, 48-49, 91, 117, 122). After Blazer filed his Appearance, River Shannon filed its Motion to Disqualify Blazer with reasonable promptness based upon those allegations. Kafka v. Truck Ins. Exchange, 19 F.3d 383, 386 (7th Cir. 1994). The Village of Riverdale responded to River Shannon's Motion to Disqualify its counsel Michael Blazer by referencing Rule 83.53.7 of the Rules of Professional Conduct for the Northern

1

District of Illinois. On its face, LR83.53.7(a) requires disqualification as an advocate in a trial or evidentiary proceeding if a lawyer knows or reasonably should know that he may be called as a witness therein on behalf of the client. In re Thomas Consolidated Industries, Inc., 289 B.R. 647, 653 (N.D. Ill. 2003). "The opposing party has a proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of proof." Id. at 653.

The advocate-witness rule vests the trial court with discretion to determine whether counsel may appear as a witness without withdrawing from the case. ATT Systems Co. v. Tylman, 2004 WL 2044256 (N.D. Ill. 2004), citing United States v. Morris, 714 F.2d 669, 671 (7th Cir. 1983). It is for this court to determine whether disqualifying Blazer from acting as counsel at trial or in evidentiary proceedings would work a substantial hardship on Riverdale, pursuant to LR83.53.7(a)(4), as well as the proper scope of Blazer's participation in the litigation. Id. at 654.

Blazer characterizes River Shannon's motion as "a good offense" to Riverdale's Counterclaim and cites caselaw cautioning courts from taking the drastic step of disqualification. However, disqualification is sometimes necessary "to safeguard the sacrosanct privacy of the attorney-client relationship so as to maintain public confidence in the legal profession and to protect the integrity of

2

the judicial proceeding." Do It Best, Corp. v. Passport Software, Inc., 2004 WL 533311 (N.D. Ill. 2004), citing, Chemical Waste Management v. Sims, 875 F.Supp. 501, 503 (N.D. Ill..1995).

Blazer attempts to evade the strictures of the witness-advocate rule embodied in LR83.53.7 by asserting that he does not represent the Riverdale Defendants, merely Riverdale itself, and then solely on its RCRA Counterclaim. As alleged in its Motion to Disqualify, Blazer participated in various meetings and events leading to River Shannon's civil rights complaint. Blazer admits involvement in the investigation into River Shannon's operations[1] and participated in a search and seizure which is the subject of the civil rights complaint but counters it by saying that disqualifying him on the basis of that participation is comparable to barring prosecutors who participated in pretrial proceedings from participation at trial. Here, Blazer was the chief architect and the investigator. The report attached to Riverdale's Amended Counterclaim as Exhibit "F" shows that Blazer participated in an illegal search and seizure of evidence of River Shannon's Business Premises.

However, the attorney as witness problem arises not only when an attorney testifies, but also when an attorney puts his own credibility at issue by questioning a witness about alleged conversations between the witness and

---

[1] Blazer concludes it is highly unlikely that he would even be subject to a deposition citing Will ex rel General Dynamics Corp. Savings & Stock Investment Plan v. General Dynamics Corp., 2007 WL 3145058 (S.D. Ill. 2007); Securities & Exchange Commission v. Buntrock, 204 WL 1470278 (N.D. Ill. 2004). However, an attorney may be deposed if he represents a party to litigation in issue. Pendleton v. LaSalle National Bank, NA, 2001 WL 138882 (N.D. Ill. 2001), citing, Hunt Intl' Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D. Ill. 1983). Challenges to the taking of an attorney's deposition, based upon claims that any of the attorney's testimony will involve disclosure of privileged information or work product, have been held to be premature. Id.

himself. Such questioning, without the attorney's formal testimony, may create an improper inference in the minds of the jury. This situation is known as the "unsworn witness" problem and it is by itself an adequate ground for disqualification. Steadfast Insurance Co. v. Auto Marketing Network, Inc., 2004 WL 783356 (N.D. Ill. 2004), citing, Thomas Steel Corp. v. American Forge Corp., 1991 WL 280086 (N.D. Ill. 1991).

The problem posed by an unsworn witness acting as an attorney would come to the forefront when the attorney and witness have differing views or recollections of certain events, thereby causing it to become necessary for the attorney to be called as a witness to clarify which version of the facts are true, or for the attorney to inject his own credibility into the case to persuade the jury. Steadfast Insurance Co. v. Auto Marketing Network, Inc., 2004 WL 783356 (N.D. Ill. 2004), citing, *e.g., United States v. Kwang Fu Peng,* 766 F.2d 82, 86 (2d Cir.1985) (concluding that attorney disqualification was necessary because dispute between attorney and witness brought out on cross-examination "suggests that the two had very different recollections of the meeting, or at least might have led the jury to think such to be the case" and that if attorney continued as counsel without taking the stand "the jury might well have interpreted his questions or summation as testimony conveying his own version of the meeting.").

River Shannon's Complaint specifically alleges that attorney Blazer called and presided over a meeting with River Shannon's executives regarding River Shannon's repeated attempts to secure its business license from Riverdale.

4

(Complaint, ¶¶ 36, 37). At the meeting, initially Blazer promised to assist River Shannon in obtaining its 2007 business license and subsequently informed River Shannon that he would need a statement of qualification, including what River Shannon intended to do on the Business Premises, a list of River Shannon's current customers and a list of customers recently put under contract. (Complaint, ¶¶ 39-40). When River Shannon supplied Blazer with a statement of River Shannon's qualifications, list of current customers and new customers under contract, Blazer used them to send his RCRA notice to River Shannon's customers in furtherance of the Riverdale Defendants' campaign of vengeance, retaliation and harassment. (Complaint, ¶ 91). This is the very Counterclaim that Blazer attempts to now prosecute against River Shannon. Blazer may be the chief architect of the Riverdale Defendants' campaign of harassment because River Shannon leases property and conducts a business on property which Riverdale seeks to redevelop. (Complaint, ¶ 14-16).

Since Blazer asserts that he represents Riverdale solely on its Counterclaim, a better course of action would be to sever the Counterclaim so that Blazer can prosecute it without becoming a witness advocate in defense of River Shannon's civil rights action against Riverdale and the Riverdale Defendants. In considering River Shannon's Motion to Disqualify, this Court may fashion such a remedy that would not prejudice River Shannon and yet would allow Blazer's continued representation of Riverdale albeit in a limited unrelated matter. CoolSavingscom Inc. v. E-Centives, Inc., 2000 WL 1262929 (N.D. Ill. 2000)(bifurcation of inequitable conduct defense from infringement validity action

in furtherance of convenience and to avoid prejudice).

WHEREFORE, Plaintiff, Mercury Vapor Processing Technologies, Inc., d/b/a River Shannon Recycling Technologies respectfully requests this Honorable Court to grant its Motion to Disqualify attorney Michael Blazer as counsel for Riverdale and the Riverdale Defendants, and for such other and further relief as may be just.

        Respectfully submitted,

        **Mercury Vapor Processing Technologies, Inc., d/b/a River Shannon Recycling Technologies**

        /S/ Glenn C. Sechen
        GLENN C. SECHEN
        One of its Attorneys

Glenn C. Sechen, ARDC #2538377
Jerome Wiener, ARDC #6191972
Timothy J. McGonegle, ARDC #1840797
James R. Griffin, ARDC #6243030
Schain, Burney, Ross & Citron, Ltd.
222 N. LaSalle Street, Suite 1910
Chicago, Illinois 60601
(312) 332-0200